USDS-SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1/22/10

Buchwald, J

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

ALAN FELIX IPANAQUE CORDOVA and ERIC
SUMPTION, on behalf of themselves and other
similarly situated,

             Plaintiffs,

-against-

FOOD SCOPE AMERICA INC., FOOD SCOPE
NY LLC d/b/a MEGU Tribeca, HIRO NISHIDA,

             Defendants.

Civil Action No. 09-CV-8866 (NRB)

**STIPULATION AND PROPOSED ORDER RE: CONFIDENTIAL MATERIALS**

---

WHEREAS, Plaintiffs Alex Felix Ipanaque Cordova and Eric Sumption (collectively "Plaintiffs") and Defendants Food Scope America, Inc., Food Scope NY, LLC and Hiro Nishida (collectively "Defendants") are presently engaged in discovery for the above-referenced action; and

WHEREAS, some information sought by the parties or contained in documents sought by the parties is of a confidential and/or proprietary nature; and

WHEREAS, the purpose of this Stipulation and Proposed Order Re: Confidential Materials (referred to herein as the "Stipulation," "Stipulation and Order" or "Order") is to permit the parties to discover such information and documents pursuant to procedures designed to protect and preserve the confidentiality of that material;

IT IS HEREBY STIPULATED, as follows:

1. "Confidential Materials" as used herein means documents containing: (i) salary, time, personnel records, and other private information (such as social security numbers, addresses, and telephone numbers) concerning current and former employees of Food Scope NY, LLC ("Megu"), other than plaintiffs or current or former employees who file an opt-in notice to

take part in this case; (ii) credit card or other personal information of Megu's customers; (iii) non-public sales reports, policies and manuals of Megu; (iv) non-public financial, commercial, or other proprietary information concerning Megu; (v) documents concerning tips or gratuities earned by Megu's employees and/or the distribution thereof; and (vi) any other non-public documents reasonably designated as "confidential" by counsel for the parties. The parties and their counsel shall designate as "confidential" only materials that the designating party produces in discovery or introduces into evidence in this action.

2. At the time of production, a producing party shall designate materials as Confidential Materials by printing the legend "Confidential" conspicuously on each document so designated, or in the case of deposition testimony, by making a statement on the record to that effect, or adding the legend "Confidential" to the relevant page of the transcript.

3. The producing party's failure to designate Confidential Materials at the time of production does not waive its right to do so provided that, within sixty (60) days of production, written notification is given to the receiving party of the confidential status of the document or information. Further, such failure shall not be deemed to be a waiver in whole or in part of that producing party's claim of confidentiality going forward, either as to the specific Confidential Materials inadvertently disclosed or as to any other document or information relating thereto or on the same or related subject matter. The receiving party will have no responsibility or liability for pre-notification dissemination or use of the Confidential Materials not properly designated at the time of the production.

4. Materials designated as "confidential" shall (a) be used by the parties only for the purpose of this litigation and not for any other purposes whatsoever; and (b) not be disclosed,

2

given, shown, discussed, or otherwise communicated or made available to anyone except as provided herein.

5. In accordance with the provisions of paragraph 6 below, Confidential Materials may be disclosed only to "qualified persons," who shall read this Stipulation and who shall agree to maintain said materials in confidence and not disclose, discuss, or reveal such materials to anyone else. The term, "qualified persons," means (a) any attorney, legal assistant, secretary or clerk employed by, or a member of, Plaintiffs' counsel assigned to this litigation; (b) any attorney, legal assistant, secretary, or clerk employed by, or a member of, Defendants' counsel assigned to this litigation; (c) any expert employed or retained by the parties or their attorneys solely for the purpose of assisting such attorneys in the preparation of this action for trial; (e) the parties, including any current or former employee who files an opt-in notice to take part in the case, and any corporate successor or affiliate, to this action; (f) witnesses testifying at any deposition, hearing, or trial in this litigation; (g) any judge that exercises jurisdiction in this action and any attorney, legal assistant, secretary, clerk, deputy or intern employed in the Chambers of said Judge; and (h) any court reporter. The foregoing definition of "qualified persons" is without prejudice to a redefinition of such term at an appropriate future time so as to include additional categories of persons.

6. Any materials, whether oral or written, designated confidential may be disclosed only to qualified persons who, prior to such disclosure, have read this Stipulation and signed their individual names to a copy of Exhibit A attached hereto, except that (i) counsel for the parties may sign this Stipulation on behalf of the party they represent and those qualified persons who are members of or employed by their respective firms, and (ii) confidential information may be disclosed to those qualified persons described in paragraphs 5(g)-(h) immediately upon the

3

Court's formal endorsement of this Stipulation without further action on their part. By signing this Agreement or Exhibit A, each qualified person agrees that he or she, along with those on whose behalf he or she is acting, shall be bound by the terms of this Stipulation and Order. All endorsed copies of Exhibit A shall be retained by the party's counsel that requested each qualified person's endorsement.

7. Each qualified person shall maintain all confidential materials disclosed to him or her in confidence, shall not reveal the same to anyone other than another qualified person, and shall not use the confidential information except in connection with the preparation for trial (including, for example, any and all motions, discovery requests and depositions, as well as all papers submitted to the Court) or trial of this action; except that nothing shall prevent disclosure beyond the terms of this Order prior to trial if the designating party consents in writing to such disclosure, or if the party seeking such disclosure receives the approval of the Court.

8. Prior to any disclosure of confidential materials to a qualified person within the category described in paragraph 5, counsel for the receiving party shall orally notify counsel for the designating party as to the identity of such qualified person, and promptly thereafter shall provide counsel for the designating party with a copy of Exhibit A as executed by such qualified person, except if the qualified person falls under the exceptions in paragraph 6.

9. To avoid the unnecessary filing of documents under seal, counsel for the parties will discuss the need to file confidential materials under seal. Should the parties agree that certain materials which have been designated as confidential may be filed and not be under seal, such filing will not be a breach of the Stipulation.

10. In the event that a party objects to the designation of certain materials as confidential, counsel for the parties shall attempt to resolve such dispute in good faith on an

4

informal basis. If no resolution is reached, the objecting party may notify the designating party and the designating party shall, within 10 days of notice, ask the Court to resolve the dispute. Pending resolution by the Court, the documents or information subject to the dispute shall be treated as confidential under the terms of this Order. The burden of proving the appropriateness of the designation shall be upon the party designating the materials as confidential.

11. The disclosure by one of the parties of a document or information to a qualified person without designating it as confidential shall not constitute a waiver of that party's right to designate such document or information as confidential and, if so designated, the document or information shall thereafter be treated as confidential subject to all the terms of this Order.

12. Nothing in this Order shall preclude any party from seeking to modify this Order.

13. At the conclusion of this action, each party's counsel may retain a copy of all materials produced in this litigation for their client's file. Each party shall return all other copies of produced documents containing information designated by the other as confidential, or counsel of record shall certify in writing that such documents have been destroyed.

14. Nothing contained herein shall prevent any party from seeking further, greater or lesser protection with respect to the use or disclosure of any Confidential Materials in connection with any trial, hearing or other proceeding.

15. Nothing contained herein shall prevent any party from disclosing or using its own Confidential Materials in any manner the party chooses.

16. This Stipulation and Order shall be binding on all qualified persons and all other persons having knowledge of its terms. It is enforceable by any sanction deemed appropriate by the Court.

17. This Stipulation and Order may be executed in several counterparts, each of

which shall serve as an original as against any party who signed it, and all of which taken together shall constitute one and the same document.

18. The terms of this Stipulation and Order shall survive and remain in full force and effect after the termination of this lawsuit.

Dated: __1/21__, 2010
New York, New York

*[signature]*

Andrew P. Marks (amarks@littler.com)
Sara D. Sheinkin (ssheinkin@littler.com)
LITTLER MENDELSON, P.C.
900 Third Avenue
New York, NY 10022
212.583.9600

Attorneys for Defendants

Dated: __1/20/2010__
New York, New York

*[signature]*

Michael Palmer (mpalmer@jhllp.com)
D. Maimon Kirschenbaum (maimon@jhllp.com)
JOSEPH, HERZFELD, HESTER &
KIRSCHENBAUM LLP
757 Third Avenue, 25th Floor
New York, NY 10017
212.688.5640

Attorneys for Plaintiffs

**SO ORDERED.**

Dated: __January 22__ 2010
New York, New York

*[signature]*
UNITED STATES DISTRICT COURT JUDGE
1/22/10

EXHIBIT "A"

AGREEMENT CONCERNING CONFIDENTIAL MATERIALS

The undersigned hereby acknowledges that he or she has read the Confidentiality Stipulation and Order in the action entitled, *Cordova et al. v. Food Scope America Inc et al.*, 09-CV-8866 (NRB), understands the terms thereof, and agrees to be bound by those terms as if a signatory thereto. The undersigned hereby consents to the jurisdiction of the United States District Court for the Southern District of New York or the New York State Supreme Court in the County of New York with respect to any controversy arising out of an alleged violation of the Stipulation and Order.

_____  
Date

_____  
Signature

_____  
Name Printed

_____  
_____  
Business Address  
(including Name of Employer, if any)

_____  
_____  
Home Address